IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Springfield Division

| | |
|---|---|
| KEVIN COLLINS<br>57 Central Street<br>Turners Falls, MA 01376<br><br>　　　　　Plaintiff<br><br>　　vs.<br><br>SPRINGFIELD TERMINAL<br>RAILWAY COMPANY<br>Iron Horse Park<br>North Billerica, MA 01862<br><br>　　and<br><br>BOSTON & MAINE CORPORATION<br>Iron Horse Park<br>North Billerica, MA 01862<br><br>　　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | DOCKETED<br><br>JURY TRIAL DEMANDED<br><br>FILING FEE PAID:<br>RECEIPT #_____<br>AMOUNT $_____<br>BY DPTY CLK_____<br>DATE_____<br><br>05 - 30139 - KPN<br>NO. |

## CIVIL ACTION

1.　　The Plaintiff, Kevin Collins, is an adult individual residing at 57 Central Street, Turners Falls, Massachusetts 01376.

2.　　The Defendant, Springfield Terminal Railway Company is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.

3.　　The Defendant, Boston & Maine Corporation is a corporation organized and existing under the laws of the State of Massachusetts, whose principal place of business and address for service of process is Iron Horse Park, North Billerica, Massachusetts 01862.



4. This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60; The Federal Safety Appliance Act, 45 U.S.C. §§1-16; and the Boiler Inspection Act, 45 U.S.C. §§22-34.

5. At all times hereto, the Defendant, Springfield Terminal Railway Company, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

6. At all times hereto, the Defendant, Boston & Maine Corporation, was engaged in interstate commerce as a common carrier by railroad operating a line and system of railroads in the State of Massachusetts and other states of the United States.

7. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendants, their agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendants.

8. At the time and place hereinafter mentioned, the Plaintiff was employed by the Defendants and was acting in the scope of his employment by the Defendants and was engaged in the furtherance of interstate commerce within the meaning of said Act.

9. The injuries and disability of Plaintiff while working as an employee of the Defendants was caused by his exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

10. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendants, their agents, servants, workmen and/or employees.

11. Plaintiff's exposure began in or around August 1972 and continues through and including the present, while Plaintiff is working as a laborer in and around East Deerfield, Massachusetts.

12. Plaintiff's illness was diagnosed as asbestosis on or about August 12, 2002.

13. Plaintiff first discovered that he had sustained asbestosis from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, on or about August 12, 2002.

14 Plaintiff's asbestosis was caused and/or contributed by in whole or in part by the negligence, carelessness and/or recklessness of the Defendants, generally and more specifically as follows:

- a) In failing to exercise reasonable care to adequately warn Plaintiff of the risks, dangers and harm to which he was exposed in working with, touching or inhaling toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

- b) In failing to provide the Plaintiff with reasonably safe and sufficient personal safety apparel and equipment including but not limited to respirators as was necessary to protect him from being injured, poisoned, disabled, killed or otherwise harmed, by working with, using, handling and/or coming in contact with and being exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

- c) In failing to provide Plaintiff with a reasonably safe place in which to work.

d) In failing to minimize or eliminate Plaintiff's exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, by providing ventilating and exhaust fans, dampening or wetting procedures and other recommended and available procedures.

e) In failing to conduct any tests to determine the presence and/or amount of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, in and around the Plaintiff's workplace.

f) In failing to transfer Plaintiff from workplaces where he had been exposed to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, to other employment with no such or lesser exposure.

g) In failing to conduct physical examinations of Plaintiff of such quality as to detect any effects of toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, so that its employees, such as Plaintiff, could be advised as to the dangers of such exposure so Plaintiff could take appropriate safety measures.

h) In failing to issue and enforce appropriate safety rules limiting or eliminating exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos.

i) In failing to obey appropriate and applicable federal and state regulations and industrial hygiene recommendations intended to protect Plaintiff from exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases,

including but not limited to asbestos.

15. As a direct and proximate result, in whole or part of one or more of the foregoing negligent or unlawful acts on the part of the Defendants, Plaintiff suffered exposure to toxic and/or pathogenic dusts, fumes, vapors, mists or gases, including but not limited to asbestos, which caused him to sustain a severe injury to his body and respiratory system.

16. As a result, Plaintiff has suffered pain, nervousness and mental anguish and has been obliged to spend various sums of money to treat his diseases and injuries, sustained a loss of earnings and earning capacity, and his enjoyment of life has been greatly impaired.

WHEREFORE, the Plaintiff demands judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs and interest thereon.

HANNON & JOYCE

Dated: 6/14/05

BY: _____
THOMAS J. JOYCE, III, ESQUIRE
The Public Ledger Building - Suite 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(888) 222-3352
Attorney for Plaintiff

LAWSON & WEITZEN, LLP

Dated: 6/16/05

_____
MICHAEL J. MCDEVITT, BBO #564720
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Kevin Collins
57 Central Street
Turners Falls, MA 01376

**DEFENDANTS**
Springfield Terminal Railway Co.
Iron Horse Park
North Billerica, MA 01862
(see attached)

**(b)** County of Residence of First Listed Plaintiff __Franklin__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**
HANNON & JOYCE
The Public Ledger Bldg. - Ste. 1000
150 S. Independence Mall West
Philadelphia, PA 19106
(215) 446-4460
Attorney for Plaintiff

LAWSON & WEITZEN LLP
88 Black Falcon Avenue
Suite 345
Boston, MA 02210
(617) 439-4990
Local Counsel for Plaintiff

Attorneys (If Known)

05-30139-KPN

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS —Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Federal Employers Liability Act 45 U.S.C. §§51-60 et seq.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 6/16/05
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

365970

Additional Defendant:

    Boston & Maine Corporation
    Iron Horse Park
    North Billerica, MA 01862

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) <u>Kevin Collins vs. Springfield Terminal Railway Co.</u>

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   **05 - 30139 - KPN**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do <u>all</u> of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☐   NO ☒

   A. If yes, in which division do <u>all</u> of the non-governmental parties reside?

      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐   Central Division ☐   Western Division ☒

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME <u>Michael J. McDevitt</u>
ADDRESS <u>LAWSON & WEITZEN, LLP, 88 Black Falcon Ave., Ste. 345, Boston, MA 02210</u>
TELEPHONE NO. <u>(617) 439-4990</u>

(Coversheetlocal.wpd - 10/17/02)